IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN H. KNIGHTEN,

    Plaintiff,

v.                                                              CASE NO. 4:13-cv-444-MW-GRJ

DAVID C. IRMER, et al.,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff is an inmate in the custody of the Florida Department of Corrections, who filed a *pro se* complaint against three Wells Fargo Bank employees alleging that they were responsible for Plaintiff's losses when a third party withdrew money from Plaintiff's bank account. (Doc. 14.)[1] The Court has reviewed the Second Amended Complaint. The Second Amended Complaint is due to be dismissed because the case is not a civil rights case under 42 U.S.C. § 1983 and does not raise federal claims but rather is nothing more than a garden variety state law tort or contract action against private individuals.

**Background and Facts**

Plaintiff names three individuals employed by Wells Fargo Bank as defendants. Defendant David C. Irmer is the Vice President of Wells Fargo allegedly located in Charlotte, North Carolina. Defendant David Holt is identified as the ATM/Debit card

---

[1] Currently before the Court for screening is Plaintiff's Second Amended Complaint. The Second Amended Complaint is an almost identical copy of Plaintiff's original complaint (Doc. 1) with only the monetary amount of relief requested changed, and the pages with Plaintiff's signature replaced with new ones with updated dates.

Executive Officer of Wells Fargo allegedly located in Walnut Creek, California. Lastly, Defendant Debbie Hein is identified as a manager at Wells Fargo, allegedly located in Portland, Oregon.

The material facts alleged by Plaintiff in the Complaint– which the Court must accept as true for purposes of review – may be summarized as follows. Plaintiff is a customer of Wells Fargo Bank, and for a period of about two years – from September 22, 2011 to June 2012 – an unknown and unauthorized person withdrew approximately $17,000 from Plaintiff's Wells Fargo account. Plaintiff requested Wells Fargo to close his account and informed Defendants of the unauthorized withdrawals that were being made from his account. Despite Plaintiff's requests, the account was not closed and more unauthorized withdrawals occurred. Plaintiff further alleges that Defendant Irmer refused to file a complaint with Wells Fargo's fraud department, refused to reimburse Plaintiff for his losses, and refused to file Plaintiff's claim with Wells Fargo's insurance company.

Without any supporting allegations, Plaintiff conclusionally alleges that Defendants violated his equal protection rights, and caused him harm for their own gain. Plaintiff seeks $17,000 in compensatory damages and $75,000 for "mental and emotional trauma and stress."

## Discussion

The Court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e).

In his Second Amended Complaint, Plaintiff purports to allege a cause of action

cognizable under 42 U.S.C. § 1983.  Even though Plaintiff has used the Court's form for actions under § 1983 and alleges that Defendants violated his equal protection rights, the Second Amended Complaint fails to allege a federal claim because the Defendants are not state actors and the wrongs alleged do not constitute constitutional violations.

To state a claim under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the conduct complained of was committed by a person acting under color of state law.  *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).  If a plaintiff cannot satisfy these requirements, or fails to provide factual allegations in support of his claim, the complaint is subject to dismissal.  *Id.* at 737-38.

Even construing Plaintiff's complaint liberally because he is proceeding *pro se*, the Defendants – who are employee of Wells Fargo Bank – are  private citizens and not state actors. There is nothing alleged in the complaint (nor could there be) demonstrating that the Defendants acted under color of state law. Therefore, because the Defendants are not state actors, Plaintiff cannot proceed under 42 U.S.C. § 1983.

In addition to the fact that the Defendants are private citizens and not state actors, the allegations in the Second Amended Complaint do not raise a constitutional claim but only – at best – either a tort or contract claim under state law relating to the alleged failure of Wells Fargo to either stop or prevent the unauthorized withdrawals from Plaintiff's bank account.  Plaintiff alleges that "Defendants violated plaintiff's equal protection rights [and] Wells Fargo's operating procedures ... " Simply intoning the allegation that Plaintiff's equal protection rights were violated, without alleging any facts that support a claim for violation of the equal protection clause, is insufficient to raise a constitutional claim. Plaintiff's Second Amended Complaint, therefore, fails to raise a

claim based upon a right, privilege, or immunity secured by the Constitution or a statute of the United States, and instead purports to allege nothing more than a claim under applicable state law for the unauthorized withdrawals from his bank account.

The Court has afforded Plaintiff with an opportunity to amend his complaint but Plaintiff essentially has refiled the same claims with only minor changes. While the Court ordinarily would give a *pro se* Plaintiff an opportunity to further amend his complaint, the Court declines to do so her because any amendment would be futile.

An amendment would not cure the fact that the Defendants are not considered and cannot be considered state actors. Further, an amendment cannot transform a case involving a garden variety state law claim against a bank into a constitutional violation.

Moreover, even assuming the Plaintiff intended to bring a state law claim against Wells Fargo or its employees as a diversity case pursuant to 28 U.S.C. § 1332(a), an amendment would be futile because Plaintiff cannot demonstrate that the amount in controversy exceeds the sum of $75,000.

The focus of Plaintiff's claim – and the amount in controversy – is $17,000.00, the amount Plaintiff presumably lost from the unauthorized withdrawals from his bank account. The additional demand for $75,000 for emotional and mental stress is not included in determining the amount in controversy.

As a starting point, the claimed amount for emotional and mental stress is conclusory and unsupported by any facts alleged in the Second Amended Complaint and thus insufficient to demonstrate the existence of diversity jurisdiction. *See Love v.*

*Northern Tool & Equipment Co., Inc.*, No. 08-20453-CIV, 2008 WL 2955124, * 5 (S.D. Fla. Aug. 1, 2008) (remanding case and noting that in the absence of medical or psychological records, there is no evidence to determine the dollar amount for emotional distress.)

Second, even if Plaintiff had alleged facts suggesting emotional harm, Plaintiff cannot recover for emotional damages under Florida's "impact rule." The impact rule, requires that "before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact." *Florida Dept. of Corrections v. Abril*, 969 So. 2d 201, 206 (Fla. 2007)(*citations omitted*.) Thus, under the Florida "impact rule" claims for emotional damages are barred absent either physical impact or a physical manifestation of an emotional injury when there is no impact. *Willis v. Gami Golden Glades, LLC* 967 So.2d 846 (Fla. 2007); *Zell v. Meek*, 665 So. 2d 1048 (Fla. 1995).

Plaintiff's claim – to the extent it sounds in negligence – does not involve a claim where there is an impact nor a claim where there is a physical manifestation of an emotional injury and thus under Florida law Plaintiff cannot recover damages for emotional and mental stress. Accordingly, because the only amount in controversy is the $17,000 Plaintiff allegedly lost from his bank account, this Court would not have diversity jurisdiction over Plaintiff's claim against Wells Fargo or its employees if Plaintiff wished to amend to bring a diversity claim. If Plaintiff wishes to pursue these claims he must do so in state court and not here.

In light of the foregoing, it is respectfully **RECOMMENDED** that:

The Second Amended Complaint should be dismissed for failure to state a claim

upon which relief may be granted and the case should be closed.

**IN CHAMBERS,** at Gainesville, Florida, this 14th day of January 2014.

                                              *s/Gary R. Jones*
                                              GARY R. JONES
                                              United States Magistrate Judge